IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS | No. CIV S-09-2486 CMK (TEMP) |
| Plaintiff, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATIONS |
| THOMAS FELKER, et al. | |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. He has sued fifteen defendants, all of whom were employed at High Desert State Prison (HDSP) while he was incarcerated there. Plaintiff alleges assault or use of excessive force by defendants Nelson and Gorby on September 23, 2008, and by those same defendants again on an unspecified date. He claims defendants Ingwerson, Head, Gorby, Nelson, Watkins, Rossi and Olivo used excessive force with pepper spray during a cell extraction on October 8, 2008. He further alleges that immediately after the October 8 cell extraction, defendants Nelson, Watkins and Olivo held him under scalding water in the prison shower, resulting in burns over 85% of his body. He also avers that defendants Medina, Clark, Nielson, Krouse, Cummings, Swingle and Nepomuceno were deliberately indifferent to his serious

1

medical and mental health needs.  Finally, he alleges defendant Hagler assaulted him on February 26, 2009.  See Screening Order at 1-2 (docket no. 13).

On October 10, 2011, defendants Clark, Cummings, Head, Ingwerson, Krause, Medina, Nepomuceno, Rossi, and Swingle filed a motion to dismiss all claims related to the cell extraction and shower on October 8, 2008.  They argue that plaintiff failed to exhaust his administrative remedies as to those incidents.  Since then, all of the other defendants have joined the motion to dismiss, except defendants Hagler and Nielson, who have filed an answer (see docket no. 25).[1]

I.  Legal standard

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.  Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act (PLRA), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The California Department of Corrections and Rehabilitation's (CDCR) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.

---

[1] The defendants who have moved to dismiss have, for some reason, also filed answers in tandem with their joint motion to dismiss.

2

Under CDCR regulations, an inmate must file his prisoner grievance within fifteen days of the events grieved.[2] If a plaintiff failed to exhaust available administrative remedies by filing a late grievance, his case must be dismissed. Woodford v. Ngo, 548 U.S. 81 (2006). Exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Exhaustion "'means using all steps that the agency holds out, and doing so properly....'" Woodford, 548 U.S. at 90 (citation omitted). Therefore, an inmate must pursue a grievance through every stage of the prison's administrative process before a civil rights action is filed, unless a he can demonstrate a step was not "available "to him.

The term "available" in prisoners' civil rights cases stems directly from the PLRA, which bars an action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Ninth Circuit has held that a prisoner has met the "availability" requirement if the prisoner attempted to complete the grievance process but was precluded by a prison official's mistake. See Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010). The reasoning in such cases is the prison official's action (or inaction) effectively rendered further exhaustion unavailable under the PLRA. Other circuit courts have held that a prisoner has satisfied the exhaustion requirement if prison officials prevent exhaustion through their own misconduct or fail to respond to a grievance within the applicable time limits. There too, courts have applied the "availability" requirement of the PLRA. See, e.g., Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) (administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to obstruct exhaustion).

/////

---

[2] California regulations do not require an inmate to specifically identify a prison official in a grievance. Therefore an inmate need not name a particular individual during the grievance process in order to name that person as a defendant and meet the PLRA's exhaustion requirement when he files suit. See Jones v. Bock, 549 U.S. 199, 218-219 (2007); Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005).

1  II. Plaintiff's use of the grievance process

2  Plaintiff timely filed a grievance about the use of pepper spray during his cell
3  extraction and the hot water in the shower immediately thereafter. However, defendants argue he
4  failed to exhaust the administrative appeals process as to those events because the process "was
5  cancelled at the second level of review when Plaintiff refused to be interviewed during the
6  investigation of his grievance." Motion at 5. Plaintiff filed an appeal at the Director's Level
7  after the cancellation, "but this appeal was screened out due to Plaintiff's failure to meet
8  procedural requirements." Id.

9  In his opposition, plaintiff responds, under penalty of perjury, that two
10 correctional officers, Rossi and McGuire, came to his cell on November 19, 2008, the day that he
11 was to be interviewed about his grievance. See Opposition at 1. He states that he could not walk
12 to the interview because his cane and orthopedic walker had been confiscated, that he asked for a
13 wheelchair to be able to attend the interview, and that the request was refused. Id. at 2. His
14 opposition rests on his sworn contention that prison officials thus obstructed his continuation of
15 the appeals process when they "deprived [plaintiff] a wheelchair to ambulate to the 602
16 interview" and when the interviewing officer "refused to come to plaintiff's cell and conduct the
17 interview there." Id.

18  Defendants have not filed a reply to contradict plaintiff's version of why he
19 missed the November 19 interview. Instead, they rely on two affidavits attached to their motion
20 – one from D. Foston, the chief of the Inmate Appeals Branch for the CDCR, and one from P.
21 Statti, the appeals coordinator at HDSP. The Stassi affidavit lists the four inmate appeals that
22 plaintiff filed between October 8, 2008 (the date of the cell extraction and shower), and January
23 9, 2009. One of the listed appeals, No. 08-3099, appears to relate to this lawsuit: it was filed for
24 "Misuse of force on 10/8/08 by correctional staff members Ingwerson, Head, Gorby, Nelson,
25 Watkins, Rossi, and Olivio." Stossi Affidavit, ¶ 4 (docket no. 20-2). Stassi's affidavit states the
26 grievance's disposition as having been "cancelled at 2nd level due to [plaintiff's] refusal to be

4

interviewed during appeals investigation." Id.  The affidavit says nothing more about the cancelled appeal.  For its part, the Foston affidavit simply confirms that at the Director's Level, Appeal No. 08-3099 was "Rejected/Withdrawn/Cancelled." Foston Affidavit ¶ 5 (docket no. 5).

III.   Analysis

Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt, 315 F.3d at 1119.  The court resolves all ambiguities in favor of the non-moving party. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

"Defendants meet their burden of establishing Plaintiff's nonexhaustion of administrative remedies by showing a complete record of the prison's appeal process and documentation that the prisoner did not complete the process." Powell v. Smith, 2010 WL 502709 (E.D.Cal.)(emphasis added)(citing Wyatt, 315 F.3d at 1120).  Neither the motion to dismiss nor the affidavits attached to it contain the actual record of the cancelled appeals process. Moreover, plaintiff has submitted an entirely plausible explanation that the process was cut short through no fault of his own, and defendants have not attempted to rebut that explanation in any way.  In light of plaintiff's sworn explanation for his absence from the interview, defendants' unexplained failure to submit the actual record of the cancelled appeals process is a fatal deficiency in their argument that plaintiff failed to exhaust his administrative remedies. Therefore, the motion to dismiss should be denied.

IV.   Miscellaneous motions

On January 14, 2011, the court denied plaintiff's first motion to compel responses to his discovery requests "without prejudice to its renewal, if necessary, after the resolution of the motion to dismiss and after the court sets a schedule for discovery." Order at 2 (docket no. 32). Since then, plaintiff has filed three more motions to compel.  Those motions are also premature and will be denied without prejudice to renewal at the appropriate time, in accordance with the court's previous order.  Plaintiff is apprised that any motion to compel will be found premature until the court has issued its final ruling on the motion to dismiss.

Meanwhile, defendants have filed two requests to extend the time for filing dispositive motions. In their second request, defendants state that "[i]f the Court grants Defendants' motion to dismiss, the scope of this action will be significantly reduced." Motion at 4 (docket no. 46). Defendants are correct that the final disposition of the motion to dismiss will affect the scope of discovery and dispositive motions significantly. However, until a district judge adopts or vacates these findings and recommendations, the court cannot enter a new scheduling order with any assurance that it will advance the efficient litigation of this case. Therefore, the existing scheduling order will be vacated, and the undersigned will enter a new scheduling order for discovery and the filing of dispositive motions after the district judge has entered an order on these findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. The existing scheduling order is vacated. The court will enter a new scheduling order for discovery and the filing of dispositive motions after the court has entered an order on these findings and recommendations.

2. Plaintiff's motions to compel discovery (docket nos. 33, 37 and 39) are denied without prejudice.

3. Defendants' motions for an extension of time and to modify the scheduling order (docket nos. 40 and 46) are moot.

4. The Clerk of Court is directed to assign this case to a district judge.

IT IS RECOMMENDED that the motion to dismiss (docket no. 20) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

1 | advised that failure to file objections within the specified time may waive the right to appeal the
2 | District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 6, 2011

                         /s/ Craig M. Kellison
                        **CRAIG M. KELLISON**
                        UNITED STATES MAGISTRATE JUDGE