IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

  Plaintiff,      No. CIV S-09-2486 GEB CKD P

 vs.

THOMAS FELKER, et al.,

  Defendant.     FINDINGS & RECOMMENDATIONS

_____/

  Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on September 3, 2009 and was granted in forma pauperis status on April 28, 2010. Pending before the court are defendants' motion to dismiss, as plaintiff is three strikes barred pursuant to 28 U.S.C. § 1915(g), filed on November 23, 2011. For the following reasons, the court recommends that defendants' motion be granted.

I.  Motion to Dismiss

  28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

1

>detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D.Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions ... dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120, quoting § 1915(g). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). Id.

In a recent case, Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." Id. at 1100 (internal quotation

omitted.) "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

II. Discussion

Defendants contend in their motion that plaintiff's litigation history shows that he has six strikes. Per defendants' request, the undersigned takes judicial notice of the following cases[1]:

1. Thomas v. Terhune, No. 1:03-cv-5467 (E.D. Cal.), dismissed April 18, 2006 for failure to state a claim. (Dkt. No. 54, Ex. 1.)

2. Thomas v. Lamarque, No. 3:02-cv-1044 (N.D. Cal. ), dismissed without prejudice to filing a § 1983 complaint on March 22, 2002, as plaintiff had improperly challenged conditions of confinement in a petition for writ of habeas corpus. (Dkt. No. 54, Ex. 2.)

3. Thomas v. Terhune, No. 06-15901 (9th Cir.), first appeal of the dismissal of No. 1:03-cv-5467 (E.D. Cal.), dismissed on September 8, 2006 for failure to prosecute after plaintiff failed to both pay filing fees and show good cause why the appeal should not be summarily affirmed. (Dkt. No. 54, Ex. 3.)

4. Thomas v. Terhune, No. 06-15856 (9th Cir.), second appeal of the dismissal of No. 1:03-cv-5467, dismissed on August 9, 2006 as duplicative of No. 06-15901. (Dkt. No. 54, Ex. 4.)

5. Thomas v. Felker, No. 08-16312 (9th Cir.), appeal of No. 2:07-cv-1399 (E.D. Cal.), Order of May 2, 2008, denying without prejudice plaintiff's motion for an emergency preliminary injunction. On September 8, 2008, the Ninth Circuit summarily affirmed the district court's ruling. (Dkt. No. 54, Ex. 5.)

\\\\\

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980).

6. Thomas v. Lamarque, No. 07-16437 (9th Cir.), appeal of No. 3:03-cv-3873 (N.D. Cal.), Order of July 30, 2007, denying without prejudice plaintiff's "various motions and requests challenging the conditions of his current confinement at HDSP and seeking some sort of injunctive relief." The district court certified that plaintiff's appeal of this order was "not taken in good faith" and revoked his IFP status. The Ninth Circuit affirmed, based on its review of the record, that plaintiff was not entitled to IFP status for the appeal. The Ninth Circuit dismissed the appeal for "failure to prosecute" on January 9, 2009, after plaintiff failed to either pay the filing fees or oppose a motion to dismiss filed by defendants-appellees. (Dkt. No. 54, Ex. 6.)

No. 1: Terhune Case

The district court action, No. 1:03-cv-5467 (E.D. Cal.), was dismissed for failure to state a claim and constitutes a strike pursuant to § 1915(g). Plaintiff argues that he was ignorant of the law and unable to obtain counsel to represent him in this action. (Dkt. No. 55 at 3.) However, this argument is unavailing under the three-strikes statute.

No. 2: Lamarque Case

The court next considers No. 3:02-cv-1044 (N.D. Cal. ), dismissed without prejudice to filing a § 1983 complaint on March 22, 2002, as plaintiff had improperly challenged conditions of confinement in a petition for writ of habeas corpus. (Dkt. No. 54, Ex. 2.)

The Ninth Circuit has held that "dismissed habeas petitions do not count as strikes under § 1915(g)." Andrews v. King, 398 F.3d at 1122. However, the court also noted the following:

> We recognize, however, that some habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g). In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g).

Andrews, 398 F.3d at 1123 n. 12. Here, it is not clear from the record that plaintiff filed this challenge to his conditions of confinement as a habeas petition simply to avoid the penalties

4

imposed by § 1915(g). The district court's order of dismissal did not suggest that plaintiff's habeas petition was brought in bad faith. Rather, the district court wrote that, "[a]though the Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas, see Bell v. Wolfish, 441 U.S. 520, 526 n6 (1979), the preferred practice in this circuit is that challenges to conditions of confinement be brought in a civil rights complaint[.]" (Dkt. No. 54 at 21.) Thus the undersigned declines to find this a dismissal a strike pursuant to § 1915(g).

### No. 5: Felker Appeal

In No. 08-16312 (9th Cir.), the Ninth Circuit summarily affirmed the district court's order denying plaintiff's motion for an emergency preliminary injunction. The district court denied plaintiff's motion for injunctive relief as premature, as plaintiff's complaint had not yet been served. (See Dkt. No. 54 at 31-33 (Ex 5).)

In In re Thomas, 508 F.3d 1225, 1226-27 (9th Cir. 2007), the Ninth Circuit explained its "standards for disposing of cases on a summary basis":

> In United States v. Hooton, we permitted summary affirmance of a final judgment in a nonemergency situation only where "it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument." 693 F.2d 857, 858 (9th Cir.1982) (citations omitted). Such summary affirmances "should be confined to appeals obviously controlled by precedent and cases in which the insubstantiality [of the appeal] is manifest from the face of appellant's brief." Id.

Here too, in summarily affirming the district court's order, the Ninth Circuit cited Hooton for the proposition that "summary affirmance is appropriate where result is clear from face of record." (Dkt. No. 54 at 31-32.) Plaintiff points out that the district court denied his motion for injunctive relief as premature, not because it was frivolous or without merit. (Dkt. No. 55.) However, the undersigned concludes that the Ninth Circuit effectively deemed plaintiff's appeal to be meritless, making this appeal a second strike pursuant to § 1915(g).

\\\\\

No. 6: LaMarque Appeal

In No. 07-16437 (9th Cir.), as described above, both the district court and the Ninth Circuit concluded that plaintiff was not entitled to IFP status for the appeal because it was not undertaken in good faith. The Ninth Circuit dismissed the appeal for "failure to prosecute" after plaintiff failed to either pay the filing fees or oppose a motion to dismiss filed by defendants-appellees. Plaintiff argues that he was indigent and could not pay the filing fee once his IFP status was revoked. (Dkt. No. 44 at 6.)

In O'Neil v. Price, 531 F.3d 1146, 1153-56 (9th Cir. 2008), the Ninth Circuit held that when an action is dismissed for failing to pay the filing fees ('failure to prosecute') after the court revokes plaintiff's IFP status, the dismissal counts as a 'strike' under § 1915(g).) Under O'Neil, this court finds that plaintiff's appeal filed in Thomas v. Lamarque, No. 07-16437 (9th Cir.) constitutes a third strike under § 1915(g).[2]

In sum, the court finds that defendants have met their burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions ... dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Andrews, supra, 398 F.3d at 1120, quoting § 1915(g). Plaintiff has not met his burden to explain why any of these three actions should not count as a "strike."

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Defendants' November 23, 2011 motion for order revoking plaintiff's IFP status be granted;

2. Plaintiff be declared a three-strikes litigant pursuant to § 1915(g);

3. Plaintiff be required to submit the $350.00 filing fee for this action or face dismissal of this action (as the imminent danger exception does not apply in this case).

\\\\\

---

[2] Having identified three strikes under § 1915(g), the undersigned does not reach whether either of the Terhune appeals – Nos. 3 & 4 – counts as an additional strike.

1  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 18, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
thom2486.3strikes