IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

    Plaintiff,                      No. 2:09-cv-2486 GEB CKD P

    vs.

THOMAS FELKER, et al.,          ORDER & AMENDED FINDINGS

    Defendants.              AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on September 3, 2009 and was granted in forma pauperis status on April 28, 2010. (Dkt. Nos. 1, 9.) On November 23, 2011, defendants filed a motion to revoke plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g) and dismiss this action. (Dkt. No. 53.) On April 18, 2012, the undersigned issued findings and recommendations finding that plaintiff was three-strikes barred and recommending that plaintiff be required to submit the filing fee for this action or face dismissal. (Dkt. No. 60.) On May 7, 2012, plaintiff filed objections to the findings and recommendations. (Dkt. No. 61.)

        Upon further review, the undersigned will vacate its April 18, 2012 findings and recommendations and issue these amended findings and recommendations. As in the earlier findings, the undersigned concludes that plaintiff is three-strikes barred under section 1915(g).

1

However, as discussed below, one of the "strikes" the court previously relied on has been replaced by a different "strike."

I. Motion to Dismiss

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D.Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions ... dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120, quoting § 1915(g). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's

1  IFP status should be revoked under § 1915(g).  Id.

2  In a recent case, Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the
3  Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g)
4  purposes."  Thus, "a district court's dismissal of a case does not count as a 'strike' under §
5  1915(g) until the litigant has exhausted or waived his opportunity to appeal.  This means a
6  dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial
7  or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the
8  time to file a petition for writ of certiorari expired, if he did not."  Id. at 1100 (internal quotation
9  omitted.)  "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the
10 date when his time to file a direct appeal expired."  Id., n.6.

11 II.  Discussion

12  Defendants contend in their motion that plaintiff's litigation history shows that he
13 has six strikes.  Per defendants' request, the undersigned takes judicial notice of the following
14 cases[1]:

15  1.  Thomas v. Terhune, No. 1:03-cv-5467 (E.D. Cal.), dismissed April 18, 2006 for
16 failure to state a claim.  (Dkt. No. 54, Ex. 1.)

17  2.  Thomas v. Lamarque, No. 3:02-cv-1044 (N.D. Cal. ), dismissed without
18 prejudice to filing a § 1983 complaint on March 22, 2002, as plaintiff had improperly challenged
19 conditions of confinement in a petition for writ of habeas corpus.  (Dkt. No. 54, Ex. 2.)

20  3.  Thomas v. Terhune, No. 06-15901 (9th Cir.), first appeal of the dismissal of No.
21 1:03-cv-5467 (E.D. Cal.), dismissed on September 8, 2006 for failure to prosecute after plaintiff
22 failed to both pay filing fees and show good cause why the appeal should not be summarily
23 affirmed.  (Dkt. No. 54, Ex. 3.)

24 \\\\\

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980).

4. Thomas v. Terhune, No. 06-15856 (9th Cir.), second appeal of the dismissal of No. 1:03-cv-5467, dismissed on August 9, 2006 as duplicative of No. 06-15901. (Dkt. No. 54, Ex. 4.)

5. Thomas v. Felker, No. 08-16312 (9th Cir.), appeal of No. 2:07-cv-1399 (E.D. Cal.), Order of May 2, 2008, denying without prejudice plaintiff's motion for an emergency preliminary injunction. On September 8, 2008, the Ninth Circuit summarily affirmed the district court's ruling. (Dkt. No. 54, Ex. 5.)

6. Thomas v. Lamarque, No. 07-16437 (9th Cir.), appeal of No. 3:03-cv-3873 (N.D. Cal.), Order of July 30, 2007, denying without prejudice plaintiff's "various motions and requests challenging the conditions of his current confinement at HDSP and seeking some sort of injunctive relief." The district court certified that plaintiff's appeal of this order was "not taken in good faith" and revoked his IFP status. The Ninth Circuit affirmed, based on its review of the record, that plaintiff was not entitled to IFP status for the appeal. The Ninth Circuit dismissed the appeal for "failure to prosecute" on January 9, 2009, after plaintiff failed to either pay the filing fees or oppose a motion to dismiss filed by defendants-appellees. (Dkt. No. 54, Ex. 6.)

No. 1: Terhune Case

The district court action, No. 1:03-cv-5467 (E.D. Cal.), was dismissed for failure to state a claim and constitutes a strike pursuant to § 1915(g). Plaintiff argues that he was ignorant of the law and unable to obtain counsel to represent him in this action. (Dkt. No. 55 at 3.) However, this argument is unavailing under the three-strikes statute.

No. 2: Lamarque Case

The court next considers No. 3:02-cv-1044 (N.D. Cal. ), dismissed without prejudice to filing a § 1983 complaint on March 22, 2002, as plaintiff had improperly challenged conditions of confinement in a petition for writ of habeas corpus. (Dkt. No. 54, Ex. 2.)

The Ninth Circuit has held that "dismissed habeas petitions do not count as strikes under § 1915(g)." Andrews v. King, 398 F.3d at 1122. However, the court also noted the

4

following:

> We recognize, however, that some habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g). In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g).

Andrews, 398 F.3d at 1123 n. 12.  Here, it is not clear from the record that plaintiff filed this challenge to his conditions of confinement as a habeas petition simply to avoid the penalties imposed by § 1915(g).  The district court's order of dismissal did not suggest that plaintiff's habeas petition was brought in bad faith.  Rather, the district court wrote that, "[a]though the Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas, see Bell v. Wolfish, 441 U.S. 520, 526 n6 (1979), the preferred practice in this circuit is that challenges to conditions of confinement be brought in a civil rights complaint[.]"  (Dkt. No. 54 at 21.)  Thus the undersigned declines to find this a dismissal a strike pursuant to § 1915(g).

No. 3: First Terhune Appeal (failure to prosecute)

In No. 06-15901 (9th Cir.), the district court certified that plaintiff's appeal was "not taken in good faith" and revoked his IFP status.  The Ninth Circuit confirmed that plaintiff was not entitled to IFP status and ordered him, upon payment of the filing fee, to show good cause why the court should not summarily affirm the district court's judgment in Terhune, 1:03-cv-5467 (E.D. Cal.) (dismissal for failure to state a claim).  The Ninth Circuit dismissed the appeal for "failure to prosecute" after plaintiff failed to both pay the filing fee and show good cause.  (Dkt. No. 54 at 25.)

In O'Neil v. Price, 531 F.3d 1146, 1153-56 (9th Cir. 2008), the Ninth Circuit held that when an action is dismissed for failing to pay the filing fee ('failure to prosecute') after the court revokes plaintiff's IFP status, the dismissal counts as a 'strike' under § 1915(g).)  See also Benyamini v. Mendoza, 2012 WL 1378526 at *2 (E.D. Cal. 2012) ("[W]hen the appeal of a

5

district court dismissal as frivolous is, itself, frivolous, then the appeal dismissal is also a strike."), citing <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-388 (5th Cir.1996).  Under <u>O'Neil</u>, this court finds that this appeal constitutes a second strike under § 1915(g).

<u>No. 4: Second Terhune Appeal (duplicative)</u>

In No. 06-15856 (9th Cir.), the Ninth Circuit dismissed plaintiff's appeal as duplicative of appeal No. 06-15901.  (Dkt. No. 54 at 27.)  In <u>Martinez v. U.S.</u>, 812 F. Supp. 2d 1052, 1057 (C.D. Cal. 2010), the court reasoned:

> Although a duplicative complaint may be malicious in some circumstances, see <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5th Cir.1988) (per curiam) (" '[R]epetitious litigation of virtually identical causes of action is subject to dismissal ... as malicious.' "), <u>Martinez II</u> was not dismissed as a malicious filing, presumably because <u>Martinez II</u> was filed within three days of <u>Martinez I</u> and may have been filed due to clerical error. Therefore, <u>Martinez II</u> also does not constitute a strike.

Here, plaintiff's second appeal of the district court's judgment in <u>Terhune</u> was not explicitly dismissed as a "malicious" appeal.  Thus the court declines to count it as a strike.

<u>No. 5: Felker Appeal</u>

In No. 08-16312 (9th Cir.), the Ninth Circuit summarily affirmed the district court's order denying plaintiff's motion for an emergency preliminary injunction.  The district court had denied plaintiff's motion as premature, as plaintiff's complaint had not yet been served.  (<u>See</u> Dkt. No. 54 at 31-33.)

In its earlier findings and recommendations, the undersigned concluded that this appeal constituted a strike for purposes of section 1915(g).  (<u>See</u> Dkt. No. 60 at 5-6.)  However, upon further review, it is not clear whether this appeal should be construed as a strike under existing Ninth Circuit law.  <u>See</u> <u>O'Neal v. Price</u>, 531 F.3d 1146, 1155, n.9 (9th Cir. 2008) (observing that "actions dismissed for procedural defects are not necessarily strikes under § 1915(g), though they may constitute strikes under certain circumstances.").  Thus, in these amended findings, the undersigned will not construe this appeal as a strike.

1       <u>No. 6: LaMarque Appeal</u>

2       In No. 07-16437 (9th Cir.), both the district court and the Ninth Circuit concluded that plaintiff was not entitled to IFP status for the appeal because it was not undertaken in good faith. The Ninth Circuit dismissed the appeal for "failure to prosecute" after plaintiff failed to either pay the filing fees or oppose a motion to dismiss filed by defendants-appellees. Plaintiff argues that he was indigent and could not pay the filing fee once his IFP status was revoked. (Dkt. No. 44 at 6.)

      Under <u>O'Neil</u>, supra, 531 F.3d 1153-1156, this court finds that plaintiff's appeal filed in <u>Thomas v. Lamarque</u>, No. 07-16437 (9th Cir.) constitutes a third strike under § 1915(g).

      In sum, the court finds that defendants have met their burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions ... dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" <u>Andrews</u>, supra, 398 F.3d at 1120, quoting § 1915(g). Plaintiff has not met his burden to explain why any of these three actions should not count as a "strike."

      Accordingly, IT IS HEREBY ORDERED THAT the findings and recommendations dated April 18, 2012 (Dkt. No. 60) are vacated in lieu of these amended findings and recommendations.

      IT IS HEREBY RECOMMENDED THAT:

      1. Defendants' November 23, 2011 motion for order revoking plaintiff's IFP status (Dkt. No. 53) be granted;

      2. Plaintiff be declared a three-strikes litigant pursuant to § 1915(g);

      3. Plaintiff be required to submit the $350.00 filing fee for this action or face dismissal of this action (as the imminent danger exception does not apply in this case).

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3  shall be served and filed within fourteen days after service of the objections.  The parties are

4  advised that failure to file objections within the specified time may waive the right to appeal the

5  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6  Dated: June 8, 2012

7

8  _____
   CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

11  2
    thom2486.3strikes_amend

8