1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    EDWARD THOMAS,

11            Plaintiff,                    No.  2:09-cv-2486 GEB CKD P

12        vs.

13    THOMAS FELKER, et al.,

14            Defendants.            <u>ORDER</u>

15    _____/

16            Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17    seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

18    Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19            On June 11, 2012, the magistrate judge filed amended findings and

20    recommendations herein which were served on all parties and which contained notice to all

21    parties that any objections to the findings and recommendations were to be filed within twenty-

22    one days.

23            Plaintiff has filed objections to the amended findings and recommendations.  He

24    points out that one of the cases that the magistrate judge determined to be a "strike" in the instant

25    findings was not deemed a "strike" in an earlier analysis by the magistrate.  (Dkt. No. 63 at 2-3,

26    21-22.)  The case at issue is the Ninth Circuit's dismissal of plaintiff's first appeal in <u>Thomas v.</u>

1   Terhune, where the Ninth Circuit dismissed the appeal for "failure to prosecute" after plaintiff

2   failed to both pay the filing fee and show good cause why the district court's judgment should

3   not be summarily affirmed.  (See Dkt. No. 62 at 5-6.)  In Thomas v. Beutler, No. 2:10-cv-1300

4   MCE CKD P (E.D. Cal., Order dated December 15, 2011), the magistrate declined to find this

5   appeal a "strike," citing the principle that "Generally, a dismissal for failure to prosecute does not

6   fall within the plain language of section 1915(g)[.]"  In the instant findings, however, the

7   magistrate concludes that this appeal is a "strike" under O'Neil v. Price, 531 F.3d 1146, 1153-56

8   (9th Cir. 2008), which holds that when a court revokes plaintiff's IFP status based on the

9   complaint's lack of merit and subsequently dismisses the case for failure to prosecute, this

10  dismissal counts as a strike under section 1915(g).  O'Neil's holding is not inconsistent with the

11  general principle cited earlier, and O'Neil governs here, where the Ninth Circuit confirmed that

12  plaintiff was not entitled to IFP status because his appeal was not taken in good faith.  (See Dkt.

13  No. 62 at 5.)

14          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

15  304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire

16  file, the court finds the findings and recommendations to be supported by the record and by

17  proper analysis.

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

1          Accordingly, IT IS HEREBY ORDERED that:

2          1.  The amended findings and recommendations filed June 11, 2012, are adopted

3   in full;

4          2.  Defendants' motion for order revoking plaintiff's in forma pauperis status

5   (Docket No. 53) is granted;

6          3.  Plaintiff is declared a three-strikes litigant pursuant to § 1915(g); and

7          4.  Plaintiff is required to submit the $350.00 filing fee for this action or face

8   dismissal of this action (as the imminent danger exception does not apply in this case).

9   Dated:  July 18, 2012

10

11                                        _____

12                                        GARLAND E. BURRELL, JR.
                                          Senior United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26