IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

    Plaintiff,                      No. 2:09-cv-2486 GEB CKD P

    vs.

THOMAS FELKER, et al.,

    Defendants.             ORDER

_____/

        On June 27, 2012, plaintiff filed a request to have this action reassigned to a different magistrate judge, asserting that the undersigned is biased or prejudiced against him. (Dkt. No. 63.) The court construes this as a motion for disqualification.

        Motions for disqualification are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. See <u>Pesnell v. Arsenault</u>, 543 F.3d 1038, 1043 (9th Cir. 2008). Under 28 U.S.C. § 144, if a party demonstrates that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Similarly, 28 U.S.C. § 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary

1  facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

2  The substantive standard under these statutes "is whether a reasonable person with
3  knowledge of all the facts would conclude that the judge's impartiality might reasonably be
4  questioned." Pesnell, 543 F.3d at 1043. Generally, "a judge's partiality must be shown to be
5  based on information from extrajudicial sources, although sometimes, albeit rarely,
6  predispositions developed during the course of a trial will suffice." F.J. Hanshaw Enters., Inc. v.
7  Emerald River Dev., Inc., 244 F.3d 1128, 1144–45 (9th Cir. 2001) (internal quotations and
8  citations omitted); Pesnell, 543 F.3d at 1043. Thus, judicial rulings alone – apart from
9  surrounding comments or accompanying opinions – almost never constitute valid grounds for
10 disqualification. See Liteky v. United States, 510 U.S. 540, 556 (1994).

11 Here, plaintiff's claims fail to meet the threshold for disqualification. The
12 undersigned has found plaintiff to be a Three Strikes Litigant, in reasoned findings and
13 recommendations later adopted by the district court. Neither this nor any other judicial ruling in
14 this action provides a reasonable basis for questioning the impartiality of this court.

15 Accordingly, IT IS HEREBY ORDERED that petitioner's June 27, 2012 motion
16 for disqualification (Dkt. No. 63) is denied.

Dated: October 12, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
thom2486.disqual